UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA POCKRUS, Individually and as Representative of the Estate of Jerry Pockrus, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-3817-B |
| CONSECO LIFE INSURANCE CO. and TRANSPORT LIFE INSURANCE CO., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Barbara Pockrus's Motion to Remand (Doc. 11). For the reasons that follow, the Court **GRANTS** the Motion.

## I.

## BACKGROUND

This is an insurance coverage case in which Plaintiff Barbara Pockrus ("Barbara"), on behalf of herself and as the representative of the estate of Jerry Pockrus ("Jerry"), sues Defendants Conseco Life Insurance Company ("Conseco") and Transport Life Insurance Company ("Transport") for their failure to pay for Jerry's blood and plasma transfusions during his treatment for leukemia. Doc. 1-3, Original Pet. 2–3. Barbara initially filed the case in Texas state court, but Washington National Insurance Company ("WNIC"), which purports to be the real party in interest, removed it to this Court on November 30, 2015. Doc. 1, Notice of Removal. Barbara now moves to remand the case to state court, contending that WNIC, as a non-party, has no standing to remove the case. Doc. 11,

Mot. to Remand ¶¶ 2–3. WNIC responded, and the time for a reply has lapsed. *See* Doc. 15, Opp'n to Mot. to Remand [hereinafter "WNIC Opp'n"]. The Motion is therefore ready for review.

## II.

## ANALYSIS

"Under 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court." *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014). "A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *Id.* (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006)). Here, WNIC is not a party, though it has filed an answer, and Barbara has stated that she intends to add WNIC as a party. Doc. 4, Answer; Doc. 8, Joint Status Report 2. Until that happens, however, WNIC remains a non-party, and therefore cannot remove the case from state court.

WNIC contends that this case presents a situation of misnomer. Doc. 15, WNIC Opp'n 3. Under Texas law, "when a defendant is misnamed in a suit, but is served with the misnomer and involved in the suit, the court acquires jurisdiction over the misnamed party if it is clear that no one is prejudiced by the error." *Dalton v. State Farm Lloyd's, Inc.*, 4 F. Supp. 3d 859, 864 (S.D. Tex. 2014). The attachments to the Notice of Removal, however, demonstrate that only Conseco was served in this case. Doc. 1-5, Summons; Doc. 1-6, Return of Service. Thus, misnomer is not applicable here.

Last, WNIC argues that, even if the Court limits its consideration to the properly named parties, both Conseco and Transport are diverse from Barbara and Jerry, meaning that the Court properly has diversity jurisdiction over this case. Doc. 15, WNIC Opp'n 2–3. But whether the Court might have jurisdiction over the suit had Conseco or Transport removed it does not change the fact

that WNIC, the party that actually removed the case, could not do so. The removal is therefore defective, and the case must be remanded to state court.

## III.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Barbara's Motion to Remand and **ORDERS** that this case be remanded back to the 44th Judicial District Court of Dallas County.

**SO ORDERED.**

**SIGNED: March 18, 2016**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE